UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONSERVATION LAW FOUNDATION, INC.,<br>     Plaintiff,<br><br>          v.<br><br>EXXONMOBIL CORP., EXXONMOBIL OIL CORP., EXXONMOBIL PIPELINE CO.,<br>     Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   C.A. No. 16-11950-MLW<br>)<br>)<br>)<br>)<br>) |

ORDER

WOLF, D.J.                                          September 13, 2017

For the reasons explained in court on September 12, 2017, it is hereby ORDERED that:

1. Defendants' motion to dismiss for lack of standing under Rule 12(b)(1) Federal Rule of Civil Procedure (Docket No. 16) is ALLOWED in part and DENIED in part. Specifically:

   a. Plaintiff has alleged facts sufficient to establish it has standing based on injuries to its members' aesthetic and recreational interests in the Mystic River. It is plausible that the claimed injuries are concrete and particularized, actual or imminent, and fairly traceable to defendants' alleged ongoing or imminent discharges. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). In particular, the well-pleaded facts and affidavits include facts sufficient to prove that the ExxonMobil

Everett Terminal is discharging pollutants--in amounts claimed to violate National Pollution Discharge Elimination System Permit No. MA0000833 (the "Permit")--into areas of the Mystic River where plaintiff's members walk, bike, swim, fish, or otherwise recreate. See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), 528 U.S. 167, 182-84 (2000). They also state a plausible claim that there is a "substantial risk" that severe weather events, such as storm surges, heavy rainfall, or flooding, will cause the terminal to discharge pollutants into those areas in the near future and while the Permit is in effect. See Compl. at ¶¶79, 92(a)-(f), 93(a), (c)-(d); Decl. of Elizabeth Peterson, Exhibits A at ¶8, B at ¶¶2-8, G at ¶11; Clapper v. Amnesty Int'l, 568 U.S. 398, 409, 414 & n. 5 (2013). Finally, plaintiff plausibly alleges that these actual and imminent harms are redressable by the court through an order that defendants comply with the Permit. Accordingly, the motion is DENIED with respect to claims concerning such harms.

  b. However, the motion is ALLOWED with respect to alleged injuries that are unlikely to occur until after the Permit has expired or, if the Permit remains in effect indefinitely, in the near future. In particular, plaintiff does not have standing for injuries that allegedly will result from rises in sea level, or increases in the severity and frequency of storms and flooding, that will occur in the far future, such as in 2050 or 2100. See, e.g., Compl. at ¶93(b), (e)-(g), (i)-(l). Such potential harms are

2

not "imminent" and the claims concerning them are not ripe for decision because, among other reasons, the Environmental Protection Agency may require changes to the Permit that will prevent the harms from occurring. See Clapper, 568 U.S. at 410-414; Abbott Laboratories v. Gardner, 387 U.S. 136, 148-49 (1967); Ctr. For Biological Diversity v. U.S. Dept. of Interior, 563 F. 3d 466, 475, 482-83 (D.C. Cir. 2009).

2. Defendants' Motion to Dismiss for failure to state a claim on which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure (Docket No. 16) is DENIED without prejudice to a motion to dismiss any amended complaint.

3. The parties shall, by September 19, 2017, confer to discuss settlement and propose a schedule for the filing of an amended complaint, defendants' response, and any required briefing.

                                              /s/ Mark L. Wolf
                                              UNITED STATES DISTRICT JUDGE