UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CONSERVATION LAW FOUNDATION,    )
INC.,                           )
    Plaintiff,               )
                                )
       v.                )
                                )
EXXONMOBIL CORP., EXXONMOBIL    )   C.A. No. 16-11950-MLW
OIL CORP., EXXONMOBIL           )
PIPELINE CO.,                   )
    Defendants.              )
                                )
                                )

MEMORANDUM AND ORDER

WOLF, D.J.                                      March 14, 2019

    For the reasons explained in detail in court on November 30, 2018 and March 13, 2019, it is hereby ORDERED that:

    1.   Defendants' Motion to Dismiss the Amended Complaint (Docket No. 36) is ALLOWED with respect to Counts 1, 4, and 5, and DENIED with respect to Counts 2, 3, 6, 7, 8, 9, 10, 11, 12, 13, 14, and 15.

    2.   Defendants' Motion for Leave to File Supplement to its Motion to Dismiss (Docket No. 45) is ALLOWED.

    3.   The parties shall, by April 2, 2019, confer and report whether they have settled this case or request mediation.

    4.   Defendants shall, by April 4, 2019, answer the Amended Complaint.

5.    (a) Defendants shall, by April 5, 2019, file their motion to stay litigation pursuant to the doctrine of primary jurisdiction. See, e.g., Reiter v. Cooper, 113 S. Ct. 1213, 1220 (1993); Massachusetts v. Blackstone Valley Elec. Co., 67 F.3d 981, 992 (1st Cir. 1995). Plaintiff shall respond by April 19, 2019. Any reply shall be filed by April 26, 2019. Any sur-reply shall be filed by May 3, 2019.

(b) As defendants propose taking testimony from the Environmental Protection Agency ("EPA") at the hearing on the motion to stay, defendants shall, by April 5, 2019, issue a subpoena to the EPA. Any such testimony will be limited to matters relevant to whether the court should stay this case under the doctrine of primary jurisdiction. See, e.g., Reiter, 113 S. Ct. at 1220; Blackstone Valley Elec. Co., 67 F.3d at 992. It will not include EPA's views on the meaning of the National Pollutant Discharge Elimination System Permit for the Everett Terminal or the merits of this case.

(c) The EPA shall, by April 18, 2019, file any motion to quash the subpoena, supported by a memorandum of law and affidavit(s). See L.R. 7.1(b)(1). Responses to any motion to quash shall be filed by April 26, 2019.

(d) A hearing on defendants' motion to stay shall be held on May 14, 2019, at 10:00 a.m.

6.    If  the  court  denies  defendants'  motion  to  stay,  the
parties  shall,  within  21  days  of  that  order,  provide  initial
disclosures  pursuant  to  Federal  Rule  of  Civil  Procedure  26(a)(1).

7.    The  parties  shall,  by  April  26,  2019,  jointly  if  possible
but  separately  if  necessary,  submit  a  proposed  scheduling  order  in
the  form  attached  hereto  as  Exhibit  1,  with  proposed  dates  for
events  up  to  and  including  paragraph  14.

8.    The  parties  shall  order  the  transcript  of  the  March  13,
2019  hearing.

UNITED  STATES  DISTRICT  JUDGE