UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONSERVATION LAW FOUNDATION, INC., <br><br> Plaintiff, <br><br> v. <br><br> EXXONMOBIL CORPORATION, EXXONMOBIL OIL CORPORATION, and EXXONMOBIL PIPELINE COMPANY, <br><br> Defendants. | Case No. 1:16-cv-11950-MLW |

**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY'S
REPLY MEMORANDUM IN SUPPORT OF MOTION TO QUASH SUBPOENA**

**(Motion for Leave to File Reply – Granted May 2, 2019, ECF No. 96)**

**INTRODUCTION**

The United States Environmental Protection Agency ("EPA") moved to quash a subpoena served by ExxonMobil Corporation that commands the appearance of Ms. Thelma Murphy, an EPA employee, for testimony at a hearing scheduled for May 14, 2019. ECF No. 85. EPA, in accordance with its applicable regulations, denied the necessary authorization to allow Ms. Murphy to testify at this hearing. ExxonMobil has not sought judicial review under the Administrative Procedure Act ("APA") of EPA's determination not to allow Ms. Murphy to testify. As a result, this Court does not have authority to compel Ms. Murphy to testify, and should quash the subpoena. *See United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951).

In its response to EPA's motion to quash, ExxonMobil suggests that judicial review under the APA does not govern a federal agency's decision not to comply with a federal civil subpoena. *See* ExxonMobil Response, ECF No. 91 at 6-7. Although two federal courts of appeals have relied exclusively on Fed. R. Civ. P. Rule 45 to evaluate an agency's decision not to comply with a third-party subpoena, the First Circuit is not one of those courts. The First Circuit has twice held that the APA provides the applicable avenue and standard for judicial review. Because ExxonMobil questions the manner and standards for reviewing EPA's decision not to authorize Ms. Murphy's testimony, EPA submits this reply to address this point.

**ARGUMENT**

In the First Circuit, a person that seeks to challenge a federal agency's decision not to comply with a request for agency information "may seek judicial review *only under the APA*." *Cabral v. U.S. Dep't of Justice*, 587 F.3d 13, 22-23 (1st Cir. 2009) (emphasis added); *Puerto Rico v. United States,* 490 F.3d 50, 61 n.6 (1st Cir. 2007). The First Circuit has further held that, "under the APA, a reviewing court may overturn an agency's decision to deny disclosure *only* if

1

the decision is found to be 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law.'" *Cabral,* 587 F.3d at 23 (citing 5 U.S.C. § 706(2)(A)) (emphasis added); *Puerto Rico*, 490 F.3d at 60-61.

The parties seeking discovery in *Cabral* established jurisdiction for APA review by separately "fil[ing] a complaint in the U.S. District Court for the District of Massachusetts, pursuant to the APA, asking the district court to set aside what they alleged to be 'the arbitrary and capricious decisions of [the U.S. Attorney] not to provide discovery.'" *Cabral*, 587 F.3d at 19. In *Puerto Rico*, the First Circuit similarly noted if "the agency refuses to produce the requested documents, the sole remedy for the state-court litigant is to file a collateral action in federal court under the APA." *Puerto Rico,* 490 F. 3d at 61 n.6. But ExxonMobil has not filed a request for relief under the APA challenging EPA's *Touhy* determination. So there is no jurisdiction to review EPA's decision in this proceeding.

ExxonMobil, in its response, diverts attention from this well-established circuit case law. It cites two cases from other Circuits that rely exclusively on Fed. R. Civ. P. 45 to assess a federal agency's determination not to comply with a subpoena. *See* ExxonMobil Response, ECF No. 91, at 6 (citing *Watts v. S.E.C.*, 482 F.3d 501, 508 (D.C. Cir. 2007) and *Exxon Shipping Co., v. U.S. Dep't of Interior*, 34 F.3d 774, 779-80 (9th Cir. 1994)). But this is not the law in this Circuit. As ExxonMobil acknowledges, the First Circuit and other courts of appeals have "held that the arbitrary capricious standard of the [APA] governs an agency's refusal to comply with a federal civil subpoena." *See* ExxonMobil Response, ECF No. 91, at 7. The First Circuit's decisions in *Cabral* and *Puerto Rico* both post-date the *Watts* and *Exxon Shipping* decisions, yet the First Circuit chose to not to follow *Watts* or *Exxon Shipping* regarding the manner of review

of agency *Touhy* determinations.[1]

ExxonMobil has failed to seek judicial review under the APA of EPA's determination not to authorize Ms. Murphy's testimony on May 14. It has not argued that EPA's determination was arbitrary, capricious, or an abuse of discretion. It has not properly presented a challenge to EPA's *Touhy* determination to this Court. Therefore, ExxonMobil's subpoena of Ms. Murphy should be quashed.

## CONCLUSION

For the reasons explained above and in EPA's Memorandum in Support of Motion to Quash, the Court should quash the subpoena issued by ExxonMobil to Ms. Murphy to testify at the hearing on May 14, 2019.

        JONATHAN D. BRIGHTBILL
        Principal Deputy Asst. Attorney General

        */s/ Alan D. Greenberg*
        ALAN D. GREENBERG (Colorado Bar No. 14110)
        Environmental Defense Section
        Environment and Natural Resources Division
        U.S. Department of Justice
        999 18th St., Suite 370
        Denver, Colorado  80202
        Telephone: 303-844-1366
        E-mail:  alan.greenberg@usdoj.gov

        Rayford A. Farquhar (BBO # 560350)
        Chief, Defensive Litigation
        Civil Division
        United States Attorney's Office
        1 Courthouse Way, Suite 9200
        Boston, MA 02210
        (617) 748-3284
        Rayford.farquhar@usdoj.gov

---

1 The First Circuit was certainly aware of the conflicting decisions among the courts of appeals because it cited to *Exxon Shipping* in its *Puerto Rico* opinion to support a different proposition. *Puerto Rico*, 490 F.3d at 61.

**Certificate of Service**

I hereby certify that, on May 3, 2019, a copy of the foregoing UNITED STATES ENVIRONMENTAL PROTECTION AGENCY'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO QUASH was electronically transmitted to the Court using the CM/ECF System and will be sent electronically to registered counsel as identified on the Notice of Electronic Filing.

   /s/ Alan D. Greenberg
Alan D. Greenberg
Attorney for the U.S. Environmental Protection Agency and Ms. Thelma Murphy