```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

| | |
|---|---|
| CONSERVATION LAW FOUNDATION, INC.,<br>    Plaintiff,<br><br>    v.<br><br>EXXONMOBIL CORP., EXXONMOBIL OIL CORP., EXXONMOBIL PIPELINE CO.,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)  C.A. No. 16-11950-MLW<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

WOLF, D.J.                                                  May 6, 2019

On April 4, 2019, defendants served a subpoena on Thelma Murphy, Acting Water Permits Branch Chief for Region 1 of the Environmental Protection Agency ("EPA"). See Docket No. 86-1 at 6-8 of 28. The subpoena seeks Ms. Murphy's testimony at the May 14, 2019 hearing on defendants' Motion to Stay. On April 18, 2019, the EPA moved to quash the subpoena. See Docket No. 85. The issue is now fully briefed.

In its memorandum of law in support of its Motion to Quash, the EPA argues, among other things, that "[u]nder longstanding Supreme Court law, this Court does not have authority to compel Ms. Murphy to testify." Docket No. 86 at 5 of 20 (citing United States ex rel. Touhy v. Ragen, 340 U.S. 462 (1951)). However, as this court has previously stated, Touhy "does not . . . immunize

the ultimate decisionmaker . . . from being held in civil contempt if the court decides that it is appropriate to compel disclosure of the information at issue." United States v. Salemme, 978 F. Supp. 364, 371 (D. Mass. 1997).

The EPA reports that "[t]he Regional Counsel for EPA Region 1 has the delegated authority" for determining whether an EPA employee in Region 1 may testify in response to a subpoena. Docket No. 86 at 7 of 20. As he confirms in his declaration, Carl Dierker, Esq. is the Regional Counsel for Region 1. See Dkt. No. 86-1.

The EPA also states that it "looks forward to presenting oral argument" if the court would find it helpful. Docket No. 85 at 2. The court believes that a hearing will assist it in deciding the EPA's Motion to Quash.

In view of the foregoing, it is hereby ORDERED that:

1. The court will hear oral argument regarding the EPA's Motion to Quash at the outset of the May 14, 2019 hearing on defendants' Motion to Stay. Thelma Murphy and Carl Dierker, Esq. shall be present.

2. As the court stated in the March 14, 2019 Order, if the court denies the EPA's Motion to Quash, Ms. Murphy's testimony will be limited to matters relevant to whether the court should stay this case under the doctrine of primary jurisdiction, including when the EPA will address defendants' application to renew the National Pollutant Discharge Elimination System Permit

2

for defendants' Everett, Massachusetts Terminal (the "Permit"). See, e.g., Reiter v. Cooper, 507 U.S. 258, 268-69 (1993); Massachusetts v. Blackstone Valley Elec. Co., 67 F.3d 981, 991-93 (1st Cir. 1995). Any testimony will not include EPA's views on the meaning of the Permit or the merits of this case.

/s/ Mark L. Wolf<br>UNITED STATES DISTRICT JUDGE