UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONSERVATION LAW FOUNDATION, INC., <br>     Plaintiff, <br><br> v. <br><br> EXXONMOBIL CORP., EXXONMOBIL OIL CORP., EXXONMOBIL PIPELINE CO., <br>     Defendants. | C.A. No. 16-11950-MLW |

MEMORANDUM AND ORDER

WOLF, D.J.                                                December 22, 2021

I.  SUMMARY

The court has considered the parties' responses to the October 6, 2021 Order (Dkt. No. 120). It finds that a hearing is not necessary to determine how this case should proceed.

As explained below, the court finds that the recent decision of the Supreme Court in TransUnion LLC v. Ramirez, 141 S. Ct. 2190 (2021) does not alter the standard for determining standing that the court utilized in denying defendants Exxon Mobile Corp., Exxon Mobil Oil Corp., and Exxon Pipeline Co.'s (the "defendants") motion to dismiss the Amended Complaint for lack of standing. Therefore, it is most appropriate to address the issue of standing again after discovery, on a motion for summary judgment, rather than litigating another motion to dismiss.

The court also finds that the disputed issue of whether developments since the motion to dismiss the Amended Complaint was

decided in 2019 render any or all of plaintiff Conservation Law Foundation's ("CLF") claims moot should be addressed on motions for summary judgment, after discovery, which will include development of evidence concerning how defendants' Permit for the Everett, Massachusetts Terminal that is at issue in this case should be interpreted.

In addition, the court concludes that discovery concerning liability and remedy for any violation of the Permit should not be bifurcated.

In view of the foregoing, the parties are being ordered to confer and propose, jointly if possible, a realistic schedule for completing discovery consistent with this Memorandum and Order.

II. DISCUSSION

    A. <u>Standing</u>

Defendants correctly contend that standing can be raised at any time. See <u>Puerto Rico Tel. Co. v. T-Mobile Puerto Rico LLC</u>, 678 F.3d 49, 57 (1st Cir. 2012). For example, if a motion to dismiss for lack of standing is denied, a case may nevertheless be properly dismissed for lack of standing on a motion for summary judgment or after trial. More specifically:

> The Supreme Court has explained that the level of proof required depends on the stage of the proceedings. As litigation progresses, Article III places an increasingly demanding evidentiary burden on parties that seek to invoke federal jurisdiction. A plaintiff who has standing at the motion to dismiss stage, does not automatically have standing at the summary judgment or trial stage. Instead, standing is

'an indispensable part of the plaintiff's case, each element must be supported ... with the manner and degree of evidence required at the successive stages of the litigation.'

People to End Homelessness, Inc. v. Develco Singles Apartments Assocs., 339 F.3d 1, 8 (1st Cir. 2003) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992) (other citations omitted); see also Conservation L. Found., Inc. v. U.S. E.P.A., 964 F. Supp. 2d 175, 182 (D. Mass. 2013).

The Fourth Circuit has indicated that motions for reconsideration may be filed and granted more liberally than otherwise justified when the issue is one of the court's subject-matter jurisdiction. See Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 516 n.9 (4th Cir. 2003). In Am. Canoe Ass'n, the Fourth Circuit held that the issue of standing should have been reconsidered by the District Court because the motion to dismiss had been denied "before there had been much factual development, discovery, or opportunity for the defendants to consult experts." Id. at 516. However, the Fourth Circuit also stated that its decision should not "be read as opening the door to perpetual litigation of subject matter jurisdiction issues." Id. at 516 n.9.

TransUnion clarified the requirements for standing after Spokeo, Inc. v. Robins, 578 U.S. 330 (2016). The Supreme Court held that, with regard to a suit for damages, the mere risk of future harm is not enough to establish standing. See TransUnion,

3

141 S. Ct. at 2210-11. The Court's reasoning with regard to standing for claims for damages may be equally applicable to claims for civil penalties for future violations. Compare United States v. EME Homer City Generation, L.P., 727 F.3d 274, 292 n.20 (3d Cir. 2013) (deciding in a case under the Clean Air Act, 42 U.S.C. §7401 et seq., that "civil penalties—as opposed to injunctive relief—are necessarily retrospective") with Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., Inc., 484 U.S. 49, 58 (1987) (explaining that the "citizen suit provision [of the Clean Water Act] suggests a connection between injunctive relief and civil penalties").[1]

The Supreme Court in TransUnion noted that Spokeo cited Clapper v. Amnesty Int'l USA, 133 S. Ct. 1138 (2013), a suit for injunctive relief, which is materially different for standing purposes than a suit for damages. See id. at 2210. With regard to injunctive relief, the Court wrote in TransUnion that, "[a]s this Court has recognized, a person exposed to a risk of future harm

---

[1] CLF evidently alleges some purely past violations and seeks civil penalties for them. More specifically, on May 14, 2019, counsel for CLF stated that CLF is seeking "penalties [for] the past exceedances and spills." May 14, 2019 Transcript ("Tr.") (Dkt. No. 102) at 89:7-8. However, in Gwaltney, the Supreme Court wrote that "citizens, unlike the Administrator [of the Environmental Protection Agency], may seek civil penalties only in a suit brought to enjoin or otherwise abate an ongoing violation." 484 U.S. at 59. This is now, at least in part, such a suit. However, it appears that CLF will not be entitled to civil penalties for any proven violation that is not continuing. See id.

4

may pursue forward-looking, injunctive relief to prevent the harm from occurring, at least so long as the risk of harm is sufficiently imminent and substantial." Id; see also Ward v. Nat'l Patient Acct. Servs. Sols., Inc., 9 F.4th 357, 361 (6th Cir. 2021); Lupia v. Medicredit, Inc., 8 F.4th 1184, 1193 (10th Cir. 2021); Maddox v. Bank of New York Mellon Tr. Co., N.A., No. 19-1774, 2021 WL 5347004 at *6 (2d Cir. Nov. 17, 2021).

In this case, CLF seeks prospective injunctive relief. This court's analysis of defendants' motion to dismiss the Amended Complaint for lack of standing implicitly focused on that request. See Mar. 13, 2019 Tr. (Dkt. No. 73) at 125-129. The court cited Clapper and relied upon it in deciding whether the alleged risk of future harm stated a plausible claim of standing to pursue injunctive relief. See id. at 126:4-9 (citing Clapper, 568 U.S. 398 at 401, 409, 410, 414 n. 5). The court also cited and relied upon Lujan, which was a suit for declaratory and injunctive relief. See id. at 125:23-126:3 (citing Lujan, 504 U.S. 555 at 560-61). In denying the motion to dismiss, the court reiterated its 2017 holding that CLF had standing to seek injunctive relief for alleged "near term harms." Id. at 127:6-15.

Relitigating standing on the present record would likely at most result in dismissal of CLF's claims for civil penalties for past violations that are not continuing, see Gwaltney, 484 U.S. at 59, and, under TransUnion, harms that have not yet occurred. Even

5

dismissal for lack of standing of all claims for civil penalties would not materially affect the scope of discovery in this case because TransUnion did not alter the standard this court used in denying the motion to dismiss the claims for prospective injunctive relief in the Amended Complaint.[2]

As the Fourth Circuit noted in Am. Canoe Ass'n, discovery, motions for summary judgment, and, if necessary, trial may be required to resolve an issue of standing. See 326 F.3d at 516. This court implicitly recognized this in denying the motion to dismiss the Amended Complaint, stating after explaining its decision:

> [T]hat concludes my reasoning based on my present informed but not final understanding of the law. As in any case, I'll continue to consider the complex law in this case, and if I'm persuaded that I used the incorrect legal standard to decide whether a claim had been stated, I'll revise my view of the law on a motion for summary judgment or in my instructions to a jury, should we get that far.

Mar. 13, 2019 Tr. (Dkt. No. 73) at 141:24-142:5.

---

[2] Defendants also contend that California v. Texas, 141 S. Ct. 2104 (2021) demonstrates that CLF lacks standing for its claims for injunctive relief. California does not represent a material clarification of, or change in, the Supreme Court's standing jurisprudence. Rather, California applied existing standing requirements, including those articulated in Clapper and Lujan, to the facts of that case. See 141 S. Ct. at 2113-19. As explained earlier, this court applied these standards when denying defendant's motion to dismiss the Amended Complaint. See Mar. 13, 2019 Tr. (Dkt. No. 73) at 125:23-126:9. Therefore, California does not provide a basis for reconsideration of this court's decision on standing.

In this case, there has not been discovery, further factual development, or evidence of expert opinions, which the Fourth Circuit in Am. Canoe Ass'n indicated would justify, if not require, further consideration of a decision denying a motion to dismiss based on lack of standing. See 326 F.3d at 516. The court is now authorizing such discovery. It is not, however, inviting a third motion to dismiss for lack of standing. If defendants file one nevertheless, the court is likely to deny it without prejudice to reconsideration on a motion for summary judgment after discovery on the merits, at least, is complete.

B. Mootness of the Claims for Injunctive Relief in the Amended Complaint

Defendants argue that its 2021 revisions to the Everett Terminal's Stormwater Pollution Prevention Plan ("SWPPP") moot CLF's claims for injunctive relief based on the SWPPP that existed and was the subject of allegations in the Amended Complaint. CLF disagrees, arguing that none of the changes in the 2021 SWPPP are material to its claims. See CLF's Response to October 6, 2021 Order (Dkt. No. 124) ("CLF Resp.") at 6. Like the issue of standing, the question of whether any or all of CLF's claims for injunctive relief are moot will benefit from factual development in discovery, including expert discovery concerning whether the revisions adequately address the alleged deficiencies in the prior SWPPP.

Therefore, it is most appropriate for the court to decide the issue of mootness, if possible, on a motion for summary judgment.

CLF also asserts that, because, in its view, the 2021 revisions to the SWPPP do not materially impact the allegations in the Amended Complaint, the new SWPPP does not require the filing of a Second Amended Complaint to address the new provisions in the 2021 SWPPP. See CLF Resp. (Dkt. No. 124) at 6-10; CLF's Reply Brief (Dkt. No. 129) at 19. It is not clear to the court whether or not this is true. The court is deferring to CLF's view and is not ordering the filing of a Second Amended Complaint. However, CLF should recognize that if it later moves to amend its complaint again, the motion may be denied because of undue delay, among other things, in filing it. See Foman v. Davis, 371 U.S. 178, 182 (1962) (explaining that leave to amend pleadings should be freely given "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.").

C. Discovery

The parties dispute the implications of the Environmental Protection Agency's ("EPA") new 2021 Multi-Sector General Permit ("MSGP") for the merits of this case. See Defendants' Response to October 6, 2021 Order (Dkt. No. 123) ("Def. Resp.") at 24-31; CLF

Resp. (Dkt. No. 124) at 1-5. This issue – and the related issue of whether the first phase of discovery should be limited to interpretation of the Permit for the Everett Terminal – will also benefit from discovery and briefing in the context of a motion for summary judgment after all discovery is complete because interpreting the Permit for the Everett Terminal may not resolve all issues in this case, in part because several counts of the Amended Complaint may not rely solely on the Permit for the Everett Terminal.

The parties agree that, if a trial of this case is necessary, it should be bifurcated into liability and remedy phases. The court concurs. The court would require, however, that the same jury decide the issue of remedy if liability is proven. Therefore, all discovery must be completed before any trial.

Defendants contend that discovery should also be bifurcated, with discovery concerning remedies to be conducted only if liability is determined or, implicitly, if defendants do not prevail on a motion for summary judgment concerning liability. See Def. Resp. (Dkt. No. 123) at 37-38. CLF disagrees, arguing that discovery concerning defendants' alleged failure to employ "good engineering practices" as required by the Permit for the Everett Terminal will largely form the basis for determining appropriate injunctive relief and civil penalties. See CLF Resp. (Dkt. No.

9

124) at 25. The court finds CLF's position more persuasive and is not ordering bifurcated discovery.

However, as defendants contend, CLF's proposal that fact discovery be completed in about five months is unrealistic. Defendants point out that, "in CLF's similar lawsuit against Shell in Rhode Island federal court, the parties proposed, and the court initially provided, nearly 13 months for fact discovery following submission of initial disclosures … [and] even that was not enough: the parties later requested additional time to complete factual discovery." Defendants' Reply Brief (Dkt. No. 128) at 15 (citing <u>Conservation Law Found., Inc. v. Shell Oil Prods. US</u>, Civ. No. 17-396, (D.R.I.) (Dkt. Nos. 61-1, 63)). While the court recognizes that every case is unique and the <u>Shell Oil Prods. US</u> case may not be completely analogous, the court finds that five months will not be enough for fact discovery in this case.

Therefore, the parties are being ordered to confer and propose a more realistic schedule for completion of all fact and expert discovery. If the parties do not agree on a proposed schedule, the court is likely to order the proposed schedule of the party that it finds most reasonable, rather than fashion a schedule of its own.

III. ORDER

In view of the foregoing, it is hereby ORDERED that the parties shall, by January 12, 2022, confer and propose, jointly if

10

possible, but separately if necessary, a schedule for completing all fact and expert discovery relating to the Amended Complaint, and a reasonable number of depositions.

                                               /s/ Mark L. Wolf
                                       UNITED STATES DISTRICT JUDGE